Dear Mr. Coenen:
You have requested an opinion of the office regarding Louisiana R.S.46:236.5 (B). Specifically, you ask:
 [W]hether the judiciary and the District Attorney may enter into an agreement to permit the District Attorney to utilize a portion of the five percent (5%) fund in the Child Support Enforcement Unit in connection with expedited process to establish and enforce child support orders.
Louisiana R.S. 46.236.5 (B) states:
 B. (1) Any court with jurisdiction to establish paternity or to establish or enforce support obligations shall implement an expedited process for the establishment or enforcement thereof in accordance with existing judicial procedures or the provisions of Subsection C of this Section. "Expedited process" means administrative or expedited judicial processes or both which increase effectiveness and meet completion time frames specified in Paragraphs (1) and (2) of Subsection A of this Section. Such a court may collect and distribute support obligations and may, by court order or rule, assess and collect a sum payable by the obligor as a fee of not more than five percent of all existing and future support obligations to fund the administrative costs of a system for expedited process. The fee may be assessed and collected against existing and future arrearages as well as ongoing support payments, whether or not an arrearage exists. The fee shall be assessed only against the payor of support and such assessment shall not reduce the amount of child support owed the obligee.
The above cited statute implements the federal mandate of Title IV-D that all actions brought before the Department of Social Services to establish paternity or to establish or enforce a child support obligation must be completed within statutorily mandated time frames, the "expedited process." (La.R.S. 236.5 A)
Section B gives "any court with jurisdiction to establish paternity or establish or enforce child support obligations" the authority to assess and collect a fee of not more than five percent of all existing or future support obligations to fund the administrative costs of a system for expedited process.
Webster's Third New International Dictionary defines "administration" as "the principles, practices, and rationalized techniques employed in achieving the objectives or aims of an organization. . . ." A "system" is a "group of interacting, interrelated, or interdependent elements forming a complex whole." (The American Heritage College Dictionary, Third Edition).
Just a few of the extensive obligations of Section IV, "Administrative Section" of the model contract to provide Title IV-D services between the State of Louisiana and the District Attorneys require the District Attorneys to expedite the filings, establish and maintain case records, and expedite court appearances in order to comply with the Title IV-D requirements. These are the principles, practices and techniques that enable the expedited process to deliver the mandated results. As we understand the facts, the system of interaction between the courts and the District Attorneys in fulfilling the requirements of Title IV-D is the established mechanism to fulfill the mandate.
As stated in La.R.S. 46.236.5 B (1), "expedited process" means the "administrative or expedited judicial processes or both which increase effectiveness and meet completion time frames . . . (Emphasis added).
As this office stated in Attorney General Opinion 96-226, the funds should not be used for general judicial purposes but to "fund the administrative costs" of the system for expedited process for the establishment of paternity and the establishment or enforcement of support obligations. As such, the expenditures should be related to the administrative or judicial processes or both which increase effectiveness in order to meet completion time frames.
We have found no prohibitions to the courts entering into an agreement with the District Attorneys permitting the District Attorneys to utilize a portion of the 5% fund in the Child Enforcement Unit in connection with the expedited process to establish and enforce child support orders. Indeed, the statute at issue, combined with logic and common sense would seem to support the interaction between the two offices in their united efforts to create a system whereby the expedited process functions optimally.
We trust that this opinion adequately addresses your concerns. If you require additional information, please do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ SUE McNABB Assistant Attorney General
RPI:SM/sfj